**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVARIUS L. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1402-CR-52 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1306-FD-628

**September 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Davarious White appeals his sentence for Class D felony domestic battery. We affirm.

**Issue**

White raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On May 30, 2013, White got into an argument with his girlfriend. T.B., when he did not get home until 6:00 a.m. White grabbed T.B.'s neck and placed his hand over her mouth. T.B. sustained bruises, scratches, and cuts to her face and neck. The battery took place in front of five children, including White's four children with T.B. The State charged White with Class D felony domestic battery and Class D felony strangulation.

On the day of the jury trial, White pled guilty to Class D felony domestic battery, and the State dismissed the strangulation charge. At the sentencing hearing, the trial court found White's guilty plea and his taking of responsibility as mitigators. However, the trial court found that White's significant criminal history, the nature and circumstances of the offense, and the fact that he was on probation at the time of the offense were aggravators. The trial court sentenced White to three years with one year

suspended to probation so that White could participate in the Center for Non-Violence program for batterers.[1]  White now appeals.

## Analysis

White argues that his sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender.  When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision.  Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  Still, we must give due consideration to that decision.  Id.  We also understand and recognize the unique perspective a trial court brings to its sentencing decisions.  Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.  Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).  We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count."  Id.  When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal

---

[1] The trial court said it was sentencing White to two and one-half years with 183 days suspended to probation.  However, the trial court immediately learned that White would not have enough time to complete the batterer's program and revised the sentence.

3

consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended.  Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that White got into an argument with his girlfriend in front of five children, including four of his own children.  During the argument, he grabbed her neck and placed his hand over her mouth.  She sustained bruises, scratches, and cuts to her face and neck.

A review of twenty-eight-year-old White's character reveals that, despite his age, he has amassed a significant number of criminal convictions.  He has one juvenile adjudication for criminal mischief.  As an adult, he has been convicted of nine misdemeanors and four felonies, including Class A misdemeanor possession of marijuana, Class C misdemeanor operating a motor vehicle without ever receiving a license on two occasions, Class A misdemeanor resisting law enforcement on three occasions, Class D felony possession of marijuana, Class B misdemeanor false informing on two occasions, Class C misdemeanor minor consuming alcohol, Class D felony resisting law enforcement, Class D felony residential entry, and Class C felony possession of a handgun with altered identifying marks.  He has had four suspended sentences revoked and home detention revoked one time.  He was on probation at the time of the instant offense.  White pled guilty on the day of the jury trial, and he expressed remorse for his actions at the sentencing hearing.

White argues that his sentence should be reduced due to his guilty plea, remorse, long-term relationship with the victim, and children with the victim.  However, the

4

mitigating value of White's guilty plea is reduced because he did not plead guilty until the morning of his jury trial. Additionally, the fact that he battered the mother of his children in front of the children makes the long-term relationship of little mitigating value. Given White's extensive criminal history and repeated failure to comply with the law, we conclude that the three-year sentence is not inappropriate.[2]

### Conclusion

White's sentence is not inappropriate in light of the nature of the offense or the character of the offender. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

---

[2] White mentions the fact that the trial court originally was going to sentence him to two and one-half years with 183 days suspended to probation. The trial court changed its mind at the sentencing hearing when the probation department informed it that White would not have enough time to complete a batterer's program. White does not argue that the trial court abused its discretion in some way. He merely indicates that the "trial court originally believed something less than [three years] was appropriate." Appellant's Br. p. 10. However, on appeal, we must review whether the sentence actually imposed by the trial court was inappropriate, not whether another sentence considered by the trial court was appropriate.